**COZEN O'CONNOR**
Karl O. Riley (Nevada Bar No. 12077)
*koriley@cozen.com*
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: 702-470-2314
Facsimile: 702-470-2351

Michael Rafalko *(Pro Hac Vice to be filed)*
*Mrafalko@cozen.com*
Kathryn Rivera *(Pro Hac Vice to be filed)*
*krivera@cozen.com*
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215.665.4146
Facsimile: 215.701-2198

Attorneys for Defendant TRANSAMERICA LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JACKLYN G. RIGGS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, DOES I-XXX; AND ABC CORPORATIONS A-Z, inclusive,<br><br>Defendant. | Case No. 3:22-cv-00124-LRH-CLB<br>State Court Case No. CV22-00153<br><br>**DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S COURT ORDERED STATEMENT REGARDING REMOVAL**<br><br>Complaint Filed: January 31, 2022<br>Removed: March 8, 2022 |

Defendant Transamerica Life Insurance Company ("TLIC") respectfully submits this Statement Regarding Removal from the Second Judicial District Court of the State of Nevada, Washoe County, to the United States District Court for the District of Nevada, Reno Division, as required by the Court's Order dated March 9, 2022 and signed by The Honorable Larry R. Hicks, U.S.D.J (the "Order"):

STATEMENT REGARDING REMOVAL

1. Transamerica was served with the Complaint on February 11, 2022.

2. Transamerica was served with the Summons on February 11, 2022.

3. No Defendant in this action is a citizen of Nevada. Jacklyn G. Riggs ("Plaintiff") is a citizen of Nevada. TLIC is a corporation organized and existing under the laws of the State of Iowa with its principal place of business and "nerve center" in Cedar Rapids, Iowa, and is therefore deemed to be a citizen of the State of Iowa. As set forth in Plaintiff's Complaint, she is seeking an award of damages for past policy benefits ($33,439.26); emotional distress damages; statutory treble damages; punitive damages; and attorney's fees. The past policy benefits are demonstrated by the Policy Schedule and terms, as well as the Declaration of Courtney Wunderlich. These documents were previously attached to TLIC's Notice of Removal. The case law cited in TLIC's Notice of Removal, which is incorporated herein by reference, demonstrates that an award for damages for emotional distress; punitive damages; and attorney's fees would be reasonably likely to materially exceed the jurisdictional threshold of $75,000 even before such an award is aggregated with the trebled past policy damages.[1]

4. TLIC filed its removal within 30 days of its receipt of the Summons and Complaint.

5. Paragraph 5 of the Order is inapplicable to this lawsuit, which was commenced less than one year prior to the date of TLIC's removal.

6. TLIC is not aware of any other Defendant that was served before the Notice of Removal was filed.

---

[1] Notwithstanding that the amount placed in controversy by Plaintiff materially exceeds the $75,000 threshold for removal, TLIC denies that Plaintiff is entitled to any measure of relief. Nothing herein shall constitute an admission or waiver of any right, claim or defense by TLIC, all of which are expressly reserved.

STATEMENT REGARDING REMOVAL

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATED: March 22, 2022 | COZEN O'CONNOR |
|   | By: */s/ Karl O. Riley* |
|   | Karl O. Riley<br>Michael Rafalko<br>*(Pro Hac Vice to be filed)*<br>Kathryn Rivera<br>*(Pro Hac Vice to be filed)* |
|   | Attorneys for Defendant<br>TRANSAMERICA LIFE INSURANCE COMPANY |