UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JACKLYN G. RIGGS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, DOES I-XXX; and AB CORPORATIONS A-Z, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00124-LRH-CLB<br><br>ORDER |

Before the Court is Plaintiff Jacklyn Riggs's motion for preferential trial setting (ECF No. 9). For the reasons explained below, the Court denies the motion.

In January 2022, Riggs sued Transamerica Life Insurance Company in Nevada state court. Transamerica timely removed the case under 28 U.S.C. § 1332(a)(1) and 1441(a). Riggs does not dispute the removal of the case to federal court but rather asks the Court to give her preferential trial setting under Nev. Rev. Stat. § 16.025. Transamerica opposes Riggs's request and argues that the Court should not apply Section 16.025 because it is a state procedural rule under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

*Erie* requires a federal court sitting in diversity to apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). "A substantive rule is one that creates rights or obligations while a procedural rule defines a form and mode of enforcing the substantive right or obligation." *Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 557 (9th Cir. 2020) (quotation omitted). To classify a law as procedural or substantive, a federal court applies the "'outcome-determination test,' which asks whether applying federal law instead of state law would 'significantly affect' the litigation's outcome."

1

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020). This test is not applied "mechanically, but rather, guided by the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 555 (9th Cir. 2015) (quotation omitted). Though classifying a law may sometimes be a "challenging endeavor," *Gasperini*, 518 U.S. at 427, the Court does not face such a challenge today.

The plain reading of Section 16.025 reveals that it is a procedural rule. Section 16.025 says in relevant part:

> Upon the motion of a party to an action who is 70 years of age or older, the court *may* give preference in setting a date for the trial of the action, unless the court finds that the party does not have a substantial interest in the case as a whole.

Nev. Rev. Stat. § 16.025(1) (emphasis added). This subsection and the remaining subsections of the statute grant a judge the discretion to give preference in setting a date for the trial of an action, which is purely a procedural aspect of a case. The statute does not enlarge, restrict, or otherwise impact the availability of substantive rights or remedies. It merely encourages a trial judge to move up the trial date for an elderly litigant.

The procedural nature of Section 16.025 becomes even clearer when the Court applies the outcome determination test. If Riggs's case remained in state court, Riggs would *not* be guaranteed preferential trial setting even though she satisfies the age requirement. Rather, the judge would have the discretion to give preference to her case when setting the trial date or the judge could refuse to do so. Even if the judge did exercise his or her discretion to give preference when setting the trial date, the applicable substantive law would remain the same and the same result on the merits would be reached as it would if preference had not been given. It is clear to the Court that application of Section 16.025 would not "significantly affect" the outcome of the case; the only difference would be that the outcome of the case would be decided sooner. Thus, Section 16.025 is not outcome determinative and is best classified as a procedural rule under the *Erie* doctrine.

Notably, the only other court to address whether Section 16.025 is a procedural or substantive law concluded the same. *See Orlando v. Government Employees Insurance Company*, No. 22-CV-01904, 2021 WL 1342521, at *1–2 (D. Nev. Apr. 9, 2021) (holding that Section 16.025

is a procedural rule because it "merely permits litigants to move for earlier trial dates; it is not 'outcome-determinative' and has no effect on the rights or remedies available in the underlying suit"). Riggs's citations to case law interpreting other states' preferential trial setting statutes do not persuade the Court to deviate from its conclusion or from *Orlando*. Three of the cases address statutes that *mandate* preferential trial setting when certain conditions are met. *See, e.g.*, *In re PG&E Corp*, 2019 Bakr. LEXIS 2593 (Bankr. N.D. Cal. 2019) (interpreting Cal. Civ. Proc. Code § 36 which states that "the court *shall* grant" preference). Those statutes differ from Section 16.025 which merely grants a judge the *discretion* to give preference when setting a trial date. To the extent those cases conclude that preferential trial setting statutes are substantive, the Court finds them inapplicable to classifying Section 16.025.

Riggs also relies on case law that found otherwise procedural rules to be substantive for *Erie* purposes. For example, Riggs cites to case law that found Nevada's medical malpractice law that required a supportive medical expert affidavit to be substantive not procedural. That requirement, however, differs from Section 16.025 because it influences the availability of a cause of action: Without a supportive medical expert affidavit, a medical malpractice action does not exist. *See* Nev. Rev. Stat. § 41A.071 ("If an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit . . . ."). Unlike the medical expert affidavit requirement, Section 16.025 does not affect the rights or remedies available to the litigant.

Section 16.025 may encourage earlier trial dates for elderly litigants, but it is not an outcome determinative rule. Thus, the Court finds that Section 16.025 is a state procedural rule under *Erie* and declines to apply it. The Court, however, is sympathetic to Riggs's situation as an 85-year-old litigant and believes that it is in the interest of both parties to see this lawsuit resolved as soon as reasonably possible under the Federal Rules of Civil Procedure. Accordingly, the Court refers the case to Magistrate Judge Carla Baldwin to conduct a case management conference to determine if an expedited trial schedule can be accommodated under the federal rules and in fairness to all parties.

///

IT IS THEREFORE ORDERED that Riggs's motion for preferential trial setting under Nev. Rev. Stat. § 16.025 is denied.

IT IS FURTHER ORDERED that the case is referred to Judge Carla Baldwin to conduct a case management conference.

IT IS SO ORDERED.

DATED this 18th day of April, 2022

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE